UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BOARD OF MANAGERS OF THE
633 THIRD AVENUE CONDOMINIUM,        Case No. __1:23-cv-10371_____

                             Plaintiff,

         -against-

THE PERMANENT MISSION OF AFGHANISTAN
TO THE UNITED NATIONS, NEW YORK CITY
DEPARTMENT OF FINANCE, and JOHN DOES 1-
100, the latter names being fictitious, but intending to
designate tenants, persons in possession, or persons
having an interest in portions of the premises
described in the Verified Complaint,

                              Defendants.
------------------------------------------------------------------X

## COMPLAINT

Plaintiff Board of Managers of the 633 Third Avenue Condominium, by and through its attorneys, Kurzman Eisenberg Corbin & Lever, LLP, as and for its Complaint against defendants The Permanent Mission of Afghanistan to the United Nations (the "Mission"), New York City Department of Finance (the "Department of Finance"), and John Does 1-100 (the "Doe Defendants") (collectively, the Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This is an action to foreclose a condominium lien encumbering the property known as and located at 633 Third Avenue, Unit 27A, New York, New York 10017 and designated on the tax roll(s) of the County of New York as Block 1314, Lot 1426 (the "Property").

## THE PARTIES

2. Plaintiff is the Board of Managers of 633 Third Avenue Condominium ("Plaintiff" or the "Condominium"), an unincorporated condominium association, organized pursuant to Article 9-B of the Real Property Law of the State of New York.

3. Plaintiff has an office for the transaction of business located c/o Sandhurst Associates, Ltd., 633 Third Avenue, New York, NY 10017.

4. Upon information and belief, the Mission is a foreign mission and/or delegation to the United Nations for Afghanistan.

5. Upon information and belief, the Mission is a foreign state and/or a political subdivision of a foreign state and/or an agency or instrumentality of a foreign state as defined in the Foreign Sovereign Immunities Act ("FSIA," 28 U.S.C. §1603).

6. Upon information and belief, the Mission has an office for the transaction of business located at 633 Third Avenue, Unit 27A, New York, New York 10017.

7. Upon information and belief, the Department of Finance is a governmental entity named as a party defendant insofar as there are any unpaid franchise or income taxes due for or with respect to the Property.

8. The Doe Defendants, such names being fictitious, are persons or entities with interests in the Property, the true identities of said persons/entities being unknown.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and pursuant to the FSIA (28 U.S.C. § 1603(a)) because the Mission is a foreign state (*to wit*, Afghanistan).

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330(a) because this Court has original jurisdiction without regard to amount in controversy of any non-jury civil action against a foreign state as defined under the FSIA (28 U.S.C. §§ 1602) when the foreign state is not entitled to immunity.

11. This Court has jurisdiction over the Department of Finance and the Doe Defendants under 28 U.S.C. § 1367(a) because the claims against those parties are so related to claims against the Mission, over which this Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

12. This action falls into one or more of the exceptions to the FSIA contained within 28 U.S.C. §§ 1602 and 1605(a).

13. This Court has jurisdiction over this action pursuant to the FSIA (28 U.S.C. § 1605(a)(2)) because a foreign state is not immune in a case such as this one where the action is based on a "commercial activity carried on in the United States by the foreign state" – namely, the Mission's acquisition of its interests in the Property.

14. This Court has jurisdiction over this action pursuant to the FSIA (28 U.S.C. § 1605(a)(4)) because a foreign state is not immune in a case such as this one where the "rights in immovable property situated in the United States are in issue" and because this is an action to foreclose the Defendants' interests in the Property.

15. Federal subject matter exists pursuant to 28 U.S.C. § 1367(a) and the FSIA (28 U.S.C. §§ 1602 and 1605(a)) because: (i) it is an action to foreclose the Defendants' interests in the Property; and/or (ii) the Mission of Afghanistan's acquisition of its interest in the Property constituted a commercial activity carried on in the United States.

16. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in, and all of the property that is the subject of the action is situated in, the district.

## FACTUAL ALLEGATIONS

### I. THE CONDOMINIUM LIEN

17. This action is brought by Plaintiff, the governing body of the Condominium, against the Mission, the owner of the Property, a commercial condo unit, pursuant to New York Real Property Law § 339-z and the Condominium's By-Laws (the "By-Laws"), to foreclose upon a lien for unpaid common charges and assessments.

18. The Condominium was established by a declaration dated February 22, 1995, and recorded on March 9, 1995, in the Office of the City Register of the City of New York ("City Register's Office") under Reel 2189, at Page 0600 (the "Declaration").

19. The Declaration was most recently amended by the Fourteenth Amendment to the Declaration, dated as of May 7, 2020 and recorded on February 22, 2021, in the City Register's Office under City Register File No. ("CRFN") 2021000063122 (the "Fourteenth Amendment"). The term Declaration in paragraph 18 herein shall refer to the Declaration, as amended from time to time, including by the Fourteenth Amendment.

20. The Condominium is a commercial condominium building.

21. The Mission acquired title to the Property by deed dated August 14, 2009, and recorded on September 11, 2009 in the City Register's Office under CRFN 2009000293348 (the "Deed").

22. Upon information and belief, the Mission was and still is the fee owner of the Property.

23. The Mission's ownership in the Property is subject to the benefits and burdens of the Declaration and the By-Laws of the Condominium.

24. The By-Laws provide Plaintiff with the authority to govern and administer the affairs of the Condominium, including the ability to charge unit owners for the operation and maintenance of the common elements of the Condominium and for the operating costs of the Condominium and any additional assessments.

25. As provided in the Declaration, By-Laws, and/or Deed, the Mission is liable for, amongst other things: (a) a pro rata share of the common expenses of the Condominium equal to 0.910% of the total amount of the common expenses (i.e., the common charges); (b) late charges for overdue common charges from the day due until paid; and (c) all costs and expenses of collection for late payment of common charges, including attorneys' fees and expenses.

26. The Declaration and the By-Laws provide that amounts assessed to unit owners for their pro rata share of the common expenses, which remain unpaid, constitute a lien against their unit.

27. Article V of the By-Laws provides that: (i) Plaintiff has the right to cause a lien to be filed and to foreclose on said lien for all sums due and owing to Plaintiff as a result of a default in the payment of unpaid common charges and/or assessments, together with applicable late charges, costs, expenses, and attorneys' fees; (ii) in the event of foreclosure, the Mission is required to pay a reasonable rental for the use and occupancy of the Property, and the Plaintiff is entitled to the appointment, without notice, of a receiver; (iii) Plaintiff is entitled to collect attorneys' fees, and reasonable expenses incurred in foreclosing on a lien; and (iv) a suit to recover a money judgment for unpaid common charges can be maintained without waving the lien for same.

28. Plaintiff has assessed common charges against the Property in proportion to the Mission's proportionate share of the common expenses of the Condominium, as well as other charges for which the Mission is liable pursuant to the terms of the Declaration and By-Laws.

29. The Mission has failed to pay these common charges as they became due and payable.

30. As a result of the Mission's failure to pay the common charges, on or about January 6, 2023, Plaintiff filed and recorded a Notice of Lien for Unpaid Common Charges (the "Lien") against the Property in the City Register's Office under CRFN 2023000006094. A true and correct copy of the Lien is annexed hereto and made part hereof as Exhibit 1.

31. On or about January 9, 2023, the Lien was served upon Defendant by Certified Mail, Return Receipt Requested, and by First Class Mail.

32. The Lien is a continuing lien and includes all amounts due and owing the Condominium.

33. The Mission continues in its default of its obligations to make payments of its common charges to Plaintiff.

34. To date, the Mission has failed to comply with the obligations of the Condominium by failing to pay common charges and penalties when due.

35. The Mission's arrears calculated from January 2022 through November 1, 2023 total $185,369.21 (the "Current Arrears")[1]. The Current Arrears include: (i) one month of common charges, reduced by a partial payment, in the amount of $4,119.48; (ii) 10 months of common charges for February 2022 through October 2022 and December 2022 in the sum of

---

[1] The Current Arrears account for a $20,000.00 payment made by the Mission on or about May 16, 2023 (the "2023 Payment"), which was thereafter applied to unpaid common charges and rubbish removal charges dating back as early as December 21, 2011 though a partial payment of the January 2022 common charges. A ledger detailing the application of the 2023 Payment is annexed hereto as Exhibit 2.

$7,637.00 per month, for a total of $76,370.00; (iii) 11 months of common charges for January 2023 through November 1, 2023 in the sum of $9,116.00 per month, for a total of $100,276.00; (iv) 23 months of rubbish removal charges in the sum of $30.03 per month for a total of $690.69; and (v) interest at the rate of 2% per month (*i.e.*, $0.02 per dollar pr month) for a total of $3,913.04. The Current Arrears are set forth in further detail in the Tenant Ledger annexed hereto as Exhibit 3.

36. It is anticipated that additional common charges will accrue and legal expenses will be incurred that will be charged to the Mission and that will be secured by the Lien.

## II. OTHER INTERESTS IN THE PROPERTY

37. Upon information and belief, the Mission is the sole occupant of the Property.

38. Upon information and belief, the Mission's liens and/or interests in the Property, if any, are subject and subordinate to the Lien held by Plaintiff.

39. Upon information and belief, the Department of Finance may hold a lien on the Property by virtue of unpaid franchise or income taxes due.

40. Upon information and belief, the Department of Finance's liens and/or interests in the Property, if any, are subject and subordinate to the Lien held by Plaintiff.

41. Upon information and belief, the Doe Defendants are believed to be parties with liens or interests in the Property being foreclosed herein, the names of said defendants being fictitious since their true identities are unknown to Plaintiff at the present time.

42. Upon information and belief, the Doe Defendants' respective liens or interests in the Property, if any, are subject and subordinate to the Lien held by Plaintiff.

43. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the recovery of said common charges, other charges, or part thereof.

## COUNT ONE
*Breach of Contract*

44. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 43 as if fully set forth herein.

45. By violating Article V of the By-Laws, the Mission breached its contract with Plaintiff.

46. Plaintiff has performed all of its obligations under the By-Laws and Declaration.

47. Accordingly, Plaintiff should be awarded damages in an amount to be determined at trial, but in no event less than $185,369.21, plus late fees and interest.

## COUNT TWO
*Attorneys' Fees*

48. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 47 as if fully set forth herein.

49. Pursuant to Article V of the By-Laws, Plaintiff is entitled to recover its attorneys' fees in an amount to be determined at trial.

## COUNT THREE
*Foreclosure of a Lien by the Condominium*

50. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 49 as if fully set forth herein.

51. Plaintiff is entitled to foreclose upon the Lien due to Defendant's failure to pay common charges as levied by Plaintiff.

52. Plaintiff provided no less than 30 days' Notice of Lien to Defendant.

53. In order to protect its security, Plaintiff may be compelled, during the pendency of this action, to pay any taxes, assessments, water charges, sewer charges, insurance premiums, common charges and assessments, and other charges affecting the Property, and prior liens to which the Lien herein may be subject. Plaintiff requests that any sums so paid by Plaintiff be added to the sum otherwise due and be deemed secured by said Lien and adjudged a valid lien on the Property, together with interest from the time of said payments.

54. Plaintiff requests that, in the event that this action proceeds to judgment of foreclosure and sale, the Property should be sold subject to the following:

    a. Any state of facts that an accurate survey of the Property would disclose;

    b. Any state of facts that an accurate survey of the Property would show;

    c. Covenants, restrictions, easements, reservations, and public utility agreements of record, if any;

    d. Building and zoning ordinances, if any, filed by any federal, state, or municipal agency in which the Property are located and possible violations of same and/or assessments;

    e. Any rights of tenants or person in possession of the Property;

    f. Any equity of redemption of the United States of America to redeem the Property within 120 days and/or one year from the date of sale; and

    g. Any other prior liens of record, if any.

55. By reason of the foregoing, Plaintiff is entitled to a judgment of foreclosure and sale against the Mission.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

a. On the First Count, awarding monetary damages in favor of Plaintiff in an amount to be determined, but in no event less than $185,369.21, together with late fees, interest, and the costs and disbursements of this action.

b. On the Second Count, awarding attorneys' fees in favor of Plaintiff in an amount to be determined at trial.

c. On the Third Count:

   1. adjudging and decreeing the amounts due Plaintiff for the common charges, plus additional sums for common charges, assessment(s), other charges due pursuant to the Declaration, the By-Laws and/or offering plan, and late fees as they accrue and remain unpaid, together with interest thereon, costs and reasonable attorneys' fees;

   2. granting Plaintiff a judgment of foreclosure and sale providing that:

      i. all defendants and each of them, and all persons claiming under them or any of them, subject to the priorities contained in Section 339-z of the Real Property Law of the State of New York, and all parties acquiring any lien or interest in the Property subsequent to the commencement of this action and the filing of a notice of pendency thereof and subsequent to the filing of the Declaration of the Condominium, be barred and foreclosed of and from all estate, right, title, interest, claim, lien, and equity of redemption of, in and to the Property and each and every part or parcel thereof;

      ii. the Property be sold in one parcel, according to law in "as is" physical order and condition, subject to the items set forth in this Complaint;

      iii. Plaintiff be paid from the proceeds of such sale the amount due it for common charges, assessments, special assessments, other charges, and late fees as alleged herein, together with interest to the time of such payment and together with sums expended by Plaintiff during the pendency of this action and the expenses of such sale, plus reasonable attorneys' fees, together with the costs, allowance and disbursements of this action, and together with any

sums incurred by Plaintiff pursuant to any term or provision of the Declaration and/or the By-Laws set forth in this Verified Complaint, or to protect Plaintiff's lien, together with interest upon said sums from dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same;

3. that the Mission pay to Plaintiff the reasonable use and occupancy of the Property, from the date of commencement of this action and, if requested, that this Court forthwith appoint a receiver of the rents and profits of the Property, during the pendency of this action with the usual powers and duties;

4. that the Mission be adjudged to pay any deficiency as the Court may determine to be just and equitable of the debt remaining unsatisfied after a sale of the Property and the application of the proceeds pursuant to the directions contained in such judgment;

5. that Plaintiff be issued a Writ of Assistance from the Court authorizing the Sheriff/Marshall of the County of New York to remove all occupants of the Property from possession thereof; and

d. granting Plaintiff such other and further relief as the Court may deem just, proper and equitable.

Dated: November 15, 2023

KURZMAN EISENBERG CORBIN & LEVER, LLP

By:_____
Lisa M. Capone
*Attorneys for Plaintiff*
One North Broadway, 12th Floor
White Plains, NY 10601
lcapone@kelaw.com
(914) 993-6042