<u>**VIA CM/ECF**</u>                                                                October 21, 2024

The Honorable Andrew L. Carter, Jr.
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**    ***Board of Managers of the 633 Third Avenue Condominium v. The Permanent Mission***
***of Afghanistan to the United Nations,* No. 1:23-cv-10371**

Dear Judge Carter:

I represent Mr. Naseer A. Faiq, a career Afghan diplomat currently serving as *Chargé d'affaires* of the Permanent Mission of the Islamic Republic of Afghanistan (Afghanistan) to the United Nations in New York. Mr. Faiq has served in that position since December 15, 2021, when Afghanistan's most recent Permanent Representative resigned and Mr. Faiq assumed his responsibilities as *Chargé d'affaires.* While he seeks to represent the Afghan people, Mr. Faiq does not represent the former government of Afghanistan nor the Taliban regime, which staunchly opposes his service and which is not recognized as the government of Afghanistan by the international community or by any individual country, including the United States. I represent Mr. Faiq in his personal capacity and respectfully seek leave to file this letter as *amicus curiae*.

Mr. Faiq has become aware of the action, in which Plaintiff seeks (among other relief) to foreclose on the physical premises (a condominium) of the Permanent Mission of Afghanistan to the United Nations. The suit is based on Afghanistan's alleged failure to pay its contractually obligated share (0.91%) of common charges incurred by the building's Board of Managers for routine maintenance and trash removal. As the Complaint acknowledges, the premises are owned by the State of Afghanistan and are used for its diplomatic mission to the United Nations. *See, e.g.*, Compl. (ECF No. 1) ¶¶ 4-5, 17, 21-22.

As the Court is undoubtedly aware, when the United States withdrew its military presence from Afghanistan in August 2021, the Taliban immediately returned to power, prompting the United States to freeze Afghanistan's assets in this country to prevent the Taliban from accessing them.[1] *See generally*, *In re Terrorist Attacks on Sept. 11, 2001*, 657 F. Supp. 3d 311, 321-23 (S.D.N.Y. 2023) (discussing this history and the blocking of Afghanistan's bank accounts). Those assets remain frozen, meaning there are no funds available to pay Afghanistan's bills. *See, e.g.*, Arpan Rai, *Afghanistan Loses UN Voting Rights Over Unpaid $900k Membership Fees*, The Independent, May 17, 2024, https://www.the-independent.com/asia/south-asia/afghanistan-taliban-un-membership-voting-rights-b2546766.html.

I write on Mr. Faiq's behalf to make the Court aware that—regardless of the Plaintiff's entitlement to relief—foreclosure on the physical premises of Afghanistan's foreign mission to the

---

[1] Some of those assets are now in "a fund to benefit the people of Afghanistan," but nothing appears to have been paid out of that fund to date. *See* Joint Stmt. by U.S. Treasury and State Dep't: The United States and Partners Announce Establishment of Fund for the People of Afghanistan (Sept. 14, 2022), home.treasury.gov/news/press-releases/jy0947.

United Nations is prohibited as a matter of law by the doctrine of inviolability, as the Second Circuit has unambiguously held in materially indistinguishable circumstances. *767 Third Ave. Associates v. Permanent Mission of Republic of Zaire*, 988 F.2d 295 (2d Cir. 1993) ("The inviolability of a United Nations mission under international and U.S. law precludes the forcible eviction of the Mission," notwithstanding defaulting on rent payments on property it merely leased). The inviolability doctrine is based on international treaties (including but not limited to the 1961 Vienna Convention on Diplomatic Relations) to which the United States is party that pre-date the Foreign Sovereign Immunities Act (FSIA), which was expressly enacted "[s]ubject to existing international agreements to which the United States is a party," 28 U.S.C. § 1609. For that reason, while the FSIA might permit an award of damages for a mission's breach of contract, the FSIA does not affect the inviolability of Afghanistan's Mission.[2] *767 Third Ave. Associates*, 988 F.2d at 297, 303; *accord Hilt Constr. & Mgmt. Corp. v. Permanent Mission of Chad to the United Nations in New York*, No. 15 CV 8693 (VB), 2016 WL 3351180, at *6 (S.D.N.Y. June 15, 2016) ("[F]oreign missions and their premises are immune from attachment and execution under the Vienna Convention, [although] the Second Circuit has held that missions are not immune from judgments against them," but "foreign missions and their premises are immune from attachment and execution" (citing *767 Third Ave. Associates*, 988 F.2d at 300); *York River House v. Pakistan Mission to United Nations*, 820 F. Supp. 760 (S.D.N.Y. 1993) (dismissing complaint because the Vienna Convention precluded the court from awarding possession or ordering eviction, but granting leave to amend to seek other relief); *S & S Machinery Co. v. Masinexportimport*, 802 F. Supp. 1109, 1110-11 (S.D.N.Y. 1992) (denying attachment of consulate building to satisfy judgment because it was immune under the Vienna Convention on Diplomatic Relations).

For these reasons, Mr. Faiq respectfully requests that the Court deny Plaintiff's demand for foreclosure, even if the Court concludes that service upon a foreign state with no recognized government can be and was proper here; that the Court has jurisdiction; and that Plaintiff meets all other requirements for relief.

Mr. Faiq thanks the Court for its time and consideration during this particularly difficult time in Afghanistan's history, and he looks forward to the day when Afghanistan can repay its debts.

Respectfully submitted,

/s/ Justin B. Cox

Justin B. Cox
(*pro hac vice* motion pending)
Law Office of Justin B. Cox
P.O. Box 1106
Hood River, OR 97031
541.716.1818
justin@jcoxconsulting.org

*Counsel for Naseer A. Faiq*

---

[2] The property of foreign missions is also protected by federal statute. *See, e.g.*, 22 U.S.C. § 4305.

2