UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                        :

BOARD OF MANAGERS OF THE 633 THIRD
AVENUE CONDOMINIUM,                  :

                    Plaintiff,        :

           -against-           :   Case No.: 1:23-cv-10371-ALC

THE PERMANENT MISSION OF        :
AFGHANISTAN TO THE UNITED NATIONS,
NEW YORK CITY DEPARTMENT OF     :
FINANCE, and JOHN DOES 1-100, the latter
names being fictitious, but intending to designate     :
tenants, persons in possession, or persons having an
interest in portions of the premises described in the    :
Verified Complaint,

                        :

              Defendants.      

                        :

-------------------------------------------------------------------x

## MEMORANDUM IN RESPONSE
## TO ORDER TO SHOW CAUSE

***KURZMAN EISENBERG CORBIN & LEVER, LLP***
***Attorneys for Plaintiff***
***One North Broadway, 12th Floor***
***White Plains, New York 10601***
***(914) 285-9800***

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................................

PRELIMINARY STATEMENT.......................................................................................................1

ARGUMENT .................................................................................................................................2

POINT I ........................................................................................................................................2

     THE SECOND CIRCUIT'S DECISION
     IN *767 THIRD AVE. ASSOCS. v. PERMANENT MISSION OF ZAIRE*
     DOES NOT REQUIRE DISMISSAL OF THIS ACTION ................................................2

POINT II .......................................................................................................................................3

     COUNT ONE SEEKING FORECLOSURE
     SHOULD NOT BE DISMISSED .................................................................................3

POINT III......................................................................................................................................5

     ENTRY OF JUDGMENT BY DEFAULT
     SHOULD HAVE BEEN GRANTED ...........................................................................5

POINT IV......................................................................................................................................6

     USE AND OCCUPANCY SHOULD BE AWARDED........................................................6

CONCLUSION...............................................................................................................................6

**TABLE OF AUTHORITIES**

*767 Third Ave. Assocs. v. Permanent Mission of Republic of Zaire
    to the United Nations*, 988 F.2d 295, 296 (2d Cir. 1993), ....................................................... 2-4

ii

**PRELIMINARY STATEMENT**

The Complaint in this action (the "Action") contains three (3) counts asserted by Plaintiff The Board of Managers of the 633 Third Avenue Condominium ("Plaintiff" or the "Condominium") as against Defendant The Permanent Mission of Afghanistan to the United Nations (the "Mission"), the owner of a commercial condominium unit in the condominium building located at 633 Third Avenue, New York, New York. *See generally* Compl., ECF No. 1.[1] Count One is for breach of contract based on the Mission's failure to pay common charges due to the Condominium and seeks a money judgment for the monies owed. *Id.* ¶¶ 23-35, 44-47. As set forth in the Complaint, as of November 1, 2023, the Mission owed to Plaintiff $185,369.21, plus late fees and interest, with additional common charges accruing thereafter. *Id.* ¶¶ 35-36, 47. Count Two seeks attorneys' fees under Article V of the Condominium's By-Laws. *Id.* ¶¶ 25-27, 48-49. Count Three is to foreclosure the Condominium's lien for the unpaid common charges. *Id.* ¶¶ 17-36, 50-55.

As shown in Plaintiff's motion for a default judgment filed on November 20, 2024 (*see* ECF Nos. 24-29[2]), service was properly effectuated on all Defendants, none of which answered.

In its text only Order dated March 31, 2026 (the "March 31 Show Cause Order"; ECF No. 36,) this Court ordered Plaintiff to "show cause as to why the complaint should not be dismissed, pursuant to 767 Third Ave. Associates v. Permanent Mission of Republic of Zaire, 988

---

[1] The unit is known by the street address 633 Third Avenue, Unit 27A, New York, New York 10017 and is designated on the tax roll(s) of the County of New York as Block 1314, Lot 1426 (the "Property"). *See* Compl. ¶ 1.

[2] Plaintiff moved by Order to Show Cause on November 19, 2024 (*see* ECF Nos. 22-23,) but had to file corrected papers on November 20, 2024.

1

F.2d 295 (2d Cir. 1993)."[3]   As set forth below, irrespective of whether the Second Circuit's

decision prevents a judgment of foreclosure and sale (which Plaintiff has argued it does not do in

this particular case), it does not prevent entry of a money judgment against the Mission (in fact,

holding just the opposite) and does not require dismissal of this action.   In fact, the Second

Circuit's decision *expressly upholds the right to collect monetary damages*.

**ARGUMENT**

**POINT I**

**THE SECOND CIRCUIT'S DECISION
IN *767 THIRD AVE. ASSOCS. v. PERMANENT MISSION OF ZAIRE*
DOES NOT REQUIRE DISMISSAL OF THIS ACTION**

In *767 Third Ave. Assocs. v. Permanent Mission of Republic of Zaire to the United

Nations*, 988 F.2d 295, 296 (2d Cir. 1993), the plaintiff landlord sued the defendant Permanent

Mission of Republic of Zaire to the United Nations (the "Mission of Zaire") seeking to recover

unpaid rent and for an order of eviction based on such non-payment of rent.   While the Second

Circuit found that, under the circumstances there presented, eviction was not a viable remedy, the

court specifically *affirmed* the portion of the court below's (the United States District Court for

the Southern District of New York, the "SDNY") decision that awarded the plaintiff money

damages for unpaid rent.   *Id.* at 303 ("That portion of the district court's order awarding plaintiffs

monetary damages is affirmed.").

Accordingly, far from requiring dismissal of this Action, the Second Circuit's decision in

*767 Third Ave. Assocs.* expressly upholds a plaintiff's right (here, the Condominium) to recover

---

[3] The March 31 Show Cause Order was entered just minutes after the Court entered another text only order (the "March 31 Denial Order"; ECF No. 35,) pursuant to which the Court denied Plaintiff's application for a default judgment, stating that "[t]ere is a strong preference for cases to be decided on the merits, and there are issues regarding whether the complaint should be dismissed, pursuant to 767 Third Ave. Associates v. Permanent Mission of Republic of Zaire, 988 F.2d 295 (2d Cir. 1993)."

2

damages for non-payment against a Mission to the United Nations.  Here, irrespective of what this Court may determine with respect to Count Three of the Complaint seeking foreclosure, the claims for monetary damages embodied in Count One (seeking judgment for unpaid common charges) and Count Two (seeking attorneys' fees as permitted under the By-Laws) remain viable – expressly and unequivocally so – under *767 Third Ave. Assocs.*

**POINT II**

**COUNT ONE SEEKING FORECLOSURE
SHOULD NOT BE DISMISSED**

In addition to the continued vitality of Counts One and Two of the Complaint, it is respectfully submitted that the rationale underlying the Second Circuit's decision in *767 Third Ave. Assocs.* does not require dismissal of Count Three seeking foreclosure.  The Court is respectfully referred to Plaintiff's Memorandum of Law in Support of Relief Sought in Order to Show Cause dated November 19, 2024 and filed on November 20, 2024 (the "November 2024 OSC Memo," ECF No. 27) submitted on Plaintiff's motion for a default judgment.  The argument (at pages 19-21 of the November 2024 OSC Memo) is repeated below for the Court's convenience:

> [T]he Court should decline to invoke the doctrine of inviolability recognized in *767 Third Avenue Associates v. Permanent Mission of Republic of Zaire to the United Nations*, 988 F.2d 295 (2d Cir. 1993), in this instance to prevent Plaintiff from foreclosing on the Property.  As noted in the letter brief submitted on behalf of Mr. Naseer A. Faiq (the "Faiq Letter"), the Taliban regime is in charge of the state of Afghanistan, "which is not recognized as the government of Afghanistan by the international community or by any individual country, including the United States."  *See* Faiq Letter at 1, ECF Doc. No. 16.  Nonetheless, Mr. Faiq, relying upon *767 Third Avenue Associates*, essentially contends that he, as the *Chargé d'affaires* of the *former* iteration of the Mission under its *former (and currently ousted)* government, should be entitled to occupy the Property without paying the required maintenance charges designated by the Governing Documents.

Here, two of the policy rationales asserted by the Second Circuit do not apply in this instance. First, the United States suspended operations of its embassy in Afghanistan in August 2021. *See* https://af.usembassy.gov/embassy/.[4] Thus, there is limited risk, if any, that an American mission "would be exposed to incursions." *See 767 Third Ave. Assocs.*, 988 F.2d at 300. Indeed, the government that Mr. Faiq purports to represent has been ousted by its political rivals and has ceased to exist – a fact specifically recognized by Mr. Faiq. (*See* https://www.afghanistan-analysts.org/en/reports/international-engagement/whose-seat-is-it-anyway-the-uns-nondecision-on-who-represents-afghanistan/ (an article discussing the lack of U.N. recognition of any Afghanistan government and quoting Mr. Faiq as follows: "The result is a diplomatic oddity, a junior diplomat appointed by a government that no longer exists currently occupying Afghanistan's seat at the UN. Naseer Ahmad Faiq has declared that he no longer represents the old government, which has never officially abdicated, and that he does not represent the Islamic Emirate of Afghanistan either, but only the 'oppressed groups in Afghanistan' ....").)[5] Granting Plaintiff foreclosure would not put any American mission (or American citizens) at risk.

Second, unlike in *767 Third Avenue Associates*, the Property here is commercial condominium owned, not leased, by the Mission. *See id.* at 296-97. Plaintiff cannot simply let the Mission's lease expire and obtain a new tenant. Moreover, if the Mission continues to default in its maintenance charges and the Property cannot be foreclosed upon, the condominium *and all of its unit owners* – including a number of recognized, existing Missions to the United Nations and numerous non-profits – will suffer financial consequences by carrying the burden of the Mission's non-payment. Plaintiff should be entitled to enforce New York law under the Condominium Act for the benefit of the entirety of the condominium.

That Mr. Faiq wishes to continue use of the Property for his own purposes, or even that of the toppled regime is of no moment. Indeed, the former government no longer exists and does not operate on any level. For himself, Mr. Faiq is not an owner of the Property, does not otherwise have any right to occupy the Property, and is simply as a squatter.

November 2024 OSC Memo at 19-21.

---

[4] Soon thereafter, the United States government took steps to warn U.S. citizens to leave and not travel to Afghanistan, which advisories continue through the present time. *See* https://af.usembassy.gov/message-to-u-s-citizens/                                                         and https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/afghanistan-advisory.html.

[5] *See also* https://www.newyorker.com/news/a-reporter-at-large/an-ambassador-without-a-country (in which the former Afghanistan Ambassador to the United Kingdom and Ireland laments that "When I'm asked who you are representing, I say, 'The Afghan people,' because we don't have anymore a government.").

For these reasons, the rationale underlying the Second Circuit's decision is simply inapplicable to the facts and circumstances here. Count Three seeking foreclosure should not be dismissed.

**POINT III**

**ENTRY OF JUDGMENT BY DEFAULT
SHOULD HAVE BEEN GRANTED**

As noted above, in the March 31 Denial Order, the Court denied Plaintiff's application for a default judgment, stating that "[t]here is a strong preference for cases to be decided on the merits, and there are issues regarding whether the complaint should be dismissed, and there are issues regarding whether the complaint should be dismissed, pursuant to 767 Third Ave. Associates . . . . " March 31 Denial Order. Since the "issues" as to dismissal have been disposed of above, the sole remaining consideration is the "preference for cases to be decided on the merits."

However, this is not a case in which a Defendant has appeared late and asks the Court to allow it to defend on the merits. Rather, in this Action, none of the defendants have appeared and none of the defendants has sought to defend the Action. In fact, the "letter brief" submitted on behalf of Mr. Faiq (the "Faiq Letter," ECF No. 16) is not submitted on behalf of any defendant, and does not even purport to offer any defense. Indeed, in the Faiq Letter, it is expressly stated that "Mr. Faiq does not represent the former government of Afghanistan nor the Taliban regime." *Id.* at 1. Rather, the Faiq Letter expressly states that it is submitted for Mr. Faiq "in his personal capacity" and, as is clear from its content, seeks only to maintain Mr. Faiq's personal occupancy in the Property. *Id*.

Under these circumstances, there is no dispute on the merits as to Plaintiff's entitlement to judgment.  Accordingly, if and the extent this Action is not dismissed as per the arguments above, it is respectfully requested that the Court reconsider the March 31 Denial Order and its denial of Plaintiff's motion for a default judgment.

## POINT IV

### USE AND OCCUPANCY SHOULD BE AWARDED

As part of its motion seeking a default judgment, Plaintiff also sought an award of a reasonable rental for the Property pending foreclosure pursuant to New York Real Property Law § 339-aa.  The Court did not rule on that particular portion of the motion.

Since, as set forth above, the Action should not be dismissed, it is respectfully requested that the Court grant that branch of Plaintiff's motion and direct that the Mission – or any other person or entity occupying the Property – pay Plaintiff a reasonable rental during the pendency of this Action.

### CONCLUSION

For the reasons set forth above, it is respectfully submitted that the Complaint should not be dismissed.  In addition, it is respectfully requested that the Court reconsider the March 31 Denial Order and its denial of Plaintiff's motion for a default judgment, grant Plaintiff a default judgment and award Plaintiff a reasonable rental as against the Mission and/or any person or entity occupying the Property.

Dated: White Plains, New York
       May 20, 2026

                                    KURZMAN EISENBERG CORBIN & LEVER, LLP

                                    By:_____
                                        John C. Re – JR7239
                                    *Attorneys for Plaintiff*
                                    One North Broadway, 12th Floor
                                    White Plains, New York 10601
                                    Ph. 914-285-9800
                                    Dir. 914-286-6364
                                    Email jre@kelaw.com

7